United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                          Case No. 10-19944-mdc
Emmanuel Bet-Esfandiar                                                          Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: admin              Page 1 of 2           Date Rcvd: Sep 30, 2016
                            Form ID: 3180W           Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 02, 2016.
```
db            +Emmanuel Bet-Esfandiar,    2253 Second Street Pike,   Wrightstown, PA 18940-9690
12320220      +Howland Hess Guinan Torpey & Cassidy LLP,    2444 Huntingdon Pike,
                Huntingdon Valley, PA 19006-6112
12242674      +M & T Bank,   c/o Margaret Gairo,    123 S. Broad Street, Suite 2080,
                Philadelphia, PA 19109-1031
12224504      +MCSTRAVICK, JOHN G.,    2236 HOFFNAGLE STREET, 1ST FLOOR,    PHILADELPHIA, PA 19152-2512
12251959      +Wells Fargo Bank, N.A.,    4101 Wiseman Blvd, T7416-023,    San Antonio, TX 78251-4200
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: bankruptcy@phila.gov Oct 01 2016 02:12:23     City of Philadelphia,
                City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                Philadelphia, PA  19102-1595
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Oct 01 2016 02:12:07      U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,   Philadelphia, PA 19106-4404
12231530      +EDI: GMACFS.COM Oct 01 2016 02:03:00     Ally Finacial Inc. f/k/a GMAC Inc.,    PO Box 130424,
                Roseville, MN 55113-0004
12626020      +EDI: RESURGENT.COM Oct 01 2016 02:03:00      East Bay Funding, LLC,
                c/o Resurgent Capital Services,    PO Box 288,   Greenville, SC 29602-0288
12320845       EDI: IRS.COM Oct 01 2016 02:03:00     Internal Revenue Service,    P.O. Box 7346,
                Philadelphia, PA 19101-7346
13028588       EDI: AIS.COM Oct 01 2016 02:03:00     Midland Funding LLC,    by American InfoSource LP as agent,
                Attn: Department 1,    PO Box 4457,    Houston, TX 77210-4457
12273159      +E-mail/Text: ebn@vativrecovery.com Oct 01 2016 02:11:34      Palisades Acquisition IX, LLC,
                Vativ Recovery Solutions LLC,    As Agent For Palisades Acquisition IX, L,    PO Box 19249,
                Sugar Land TX 77496-9249
12267047       E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 01 2016 02:11:57
                Pennsylvania Department Of Revenue,    Bankruptcy Division PO Box 280946,
                Harrisburg, PA 17128-0946
                                                                                              TOTAL: 8

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
smg*           Pennsylvania Department of Revenue,    Bankruptcy Division,   P.O. Box 280946,
                Harrisburg, PA  17128-0946
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 02, 2016                                   Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 29, 2016 at the address(es) listed below:
```
              CELINE P. DERKRIKORIAN    on behalf of Creditor    M&T BANK ecfmail@mwc-law.com
              DANIEL P. MUDRICK    on behalf of Debtor Emmanuel  Bet-Esfandiar dpmudrick@verizon.net,
               G30229@notify.cincompass.com
              DANIELLE BOYLE-EBERSOLE    on behalf of Creditor    Wells Fargo Bank, N.A.
               debersole@hoflawgroup.com, bbleming@hoflawgroup.com
              DAVID E. STERN    on behalf of John G. McStravick dstern@fsalaw.com,  mprimavera@fsalaw.com
              JOSHUA B. LADOV    on behalf of Interested Party    Lipsky and Brandt jladov@ladovlaw.com,
               admin@ladovlaw.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              KRISTINA LYNN RICO    on behalf of Creditor    Internal Revenue Service
               kristina.l.rico@irscounsel.treas.gov
              LINH KIET TRAN    on behalf of Creditor    CR Evergreen II, LLC notices@quantum3group.com
              PETER J. MULCAHY    on behalf of Creditor    Fox Chase Bank paeb@fedphe.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
```

```
District/off: 0313-2          User: admin                Page 2 of 2              Date Rcvd: Sep 30, 2016
                              Form ID: 3180W             Total Noticed: 13
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
        WILLIAM C. MILLER    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                                                TOTAL: 11

Case 10-19944-mdc    Doc 96    Filed 10/02/16    Entered 10/03/16 01:05:36    Desc Imaged
Certificate of Notice    Page 2 of 4

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Emmanuel Bet–Esfandiar** | Social Security number or ITIN | **xxx–xx–3293** |
| | First Name   Middle Name   Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN | _ _ _ _ |
| | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | | |
| Case number: | **10–19944–mdc** | | |

# Order of Discharge                                                                              12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

  Emmanuel Bet–Esfandiar
  dba Buono Manni, Inc.

<u>9/29/16</u>                                                      **By the court:**   <u>Magdeline D. Coleman</u>
                                                                                         United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

  ♦ debts that are domestic support obligations;

  ♦ debts for most student loans;

  ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**